## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CLIPBANDITS, LLC** | § | |
| **d/b/a Tequila 512** | § | |
| *Plaintiff*, | § | **CASE NO. 4:20-cv-03054** |
| | § | |
| **vs.** | § | |
| | § | **JURY DEMANDED** |
| **EDMUND D. SAMORA** | § | |
| **d/b/a 512-Bourbon,** | § | |
| | § | |
| **AMARIS SALINAS,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **MEXCOR, INC.** | § | |
| **d/b/a Mexcor Importers & Distributors** | § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff, ClipBandits, LLC files this Original Complaint against Defendants Edmund D. Samora, d/b/a 512-Bourbon, Amaris Salinas, and Mexcor, Inc., d/b/a Mexcor Importers and Distributors.

Plaintiff files this suit after negotiations with Mr. Samora reached an impasse and after Mr. Samora's failed attempt to intentionally mislead this court in a prior lawsuit. Mr. Samora is intentionally attempting to mislead the public and rally public opinion in his favor all in an effort to obfuscate the simple fact that he has been operating his business by infringing Plaintiff's U.S. Registered and incontestable trademark rights. When Plaintiff

Page 1

offered a reasonable resolution to this dispute, rather than doing the right thing, Mr. Samora, not ClipBandits, LLC, immediately initiated a failed declaratory judgment lawsuit.  When Mr. Samora could not make any headway with his lawsuit, he voluntarily dismissed it, and demanded a six-figure amount threatening to commence a public campaign aimed at besmirching the Tequila 512 brand, the reputation of its owners and attorneys and this honorable Court if ClipBandits did not pay up. (See Exhibit A).  When Plaintiff refused to accede to Mr. Samora's outrageous demands, Mr. Samora began his campaign which only serves as further evidence of Mr. Samora's promised extortion attempt.

Plaintiff's primary desire and request is for Mr. Samora to cease offering distilled spirits that use Plaintiff's registered and incontestable trademark.  While ClipBandits wish Mr. Samora well in the pursuit of his business aspirations they should not be at the expense of ClipBandits' trademark rights.  Defendants' willful and knowledgeable violation of ClipBandits' trademark and Mr. Samora's desperate and unfolding strategy of extortion should not continue without redress by this Court.

## I.
## Parties

1.      Plaintiff ClipBandits, LLC ("ClipBandits") is a limited liability company organized and doing business under the laws of Delaware. ClipBandits, LLC is registered with the Texas Secretary of State as a Foreign Limited Liability Company.  ClipBandits, LLC's principal place of business in Texas is located at 2715 S. 1st Street, Austin, Texas 78704.  ClipBandits, LLC is doing business as Tequila 512 pursuant to an assumed name

certificate issued by the Texas Secretary of State.  Tequila 512 promotes, offers and sells its tequila products under the trademark Tequila 512 which incorporates ClipBandits' registered trademark "512".

2.      On information and belief, Defendant Edmund D. Samora resides in this judicial district at 4810 Arbor Ct., Rosenberg, Texas 77971 where he can be served with service of process.

3.      On information and belief, Defendant Amaris Salinas resides in this judicial district at 347 Dukes Bend, Stafford, Texas 77477 where she can be served with service of process.

4.      On information and belief, Mexcor, Inc. ("Mexcor") is a Texas corporation with a principal place of business at 8950 Railwood Drive, Houston, Texas 77078 and is doing business as Mexcor Importers and Distributors pursuant to an assumed name certificate issued by the Texas Secretary of State.  Defendant Mexcor, Inc. can be served with process by serving it registered agent, United States Corporation Agents, Inc., at 9900 Spectrum Dr., Austin, Texas 78717.

5.      Defendant Edmund D. Samora is doing business as 512-Bourbon pursuant to an assumed named certificate issued by the clerk of Ft. Bend County, Texas.

6.      Defendant Amaris Salinas is identified as an owner and co-founder on 512-Bourbon's website (https://512bourbon.com/about-us), in addition to Defendant Edmund D. Samora, as illustrated below:

ABOUT US



**Edmund D Samora**

Owner and Founder



**Amaris Salinas**

Owner and Co-Founder

7.      Defendants are promoting, and causing to be distributed and sold bourbon and whiskey bearing Plaintiff's United States Registered Trademark "512" for distilled spirits.  Examples of Defendants' infringing products are illustrated in 512-Bourbon's website (https://512bourbon.com/bourbon) and illustrated below:



8.      On information and belief, Defendant Mexcor is advertising the infringing product on its online catalog[1] and is bottling and distributing the infringing product for Defendants Edmund Samora and Amaris Salinas.  An example of Mexcor's catalog is illustrated below:

---

[1] Mexcor International Wine & Spirits Portfolio catalog at pg. 30.  *See,* http://www.mexcor.com/texas-distribution/.

Page 4



## II.
## Jurisdiction and Venue

9.       This is a civil action for infringement of the U.S. registered trademark "512" as applied to distilled spirits pursuant to 15 U.S.C. § 1114. This court has original jurisdiction of this controversy pursuant to 15 U.S.C. § 1121(a).  A copy of Plaintiff's trademark registration certificate number 4,280,076 is attached hereto as Exhibit B. The mark was registered on the principal register in international class 033 for "tequila; distilled spirits; "spirits" pursuant to 15 U.S.C. § 1052 and is now incontestable pursuant to 15 U.S.C. § 1065.  The mark and the goodwill associated therewith was assigned by the

Page 5

registrant Willis Importing, LLC to the Plaintiff, pursuant to 15 U.S.C. § 1060, a copy of the assignment is attached hereto as Exhibit C.

10.     Additionally, this is a civil action for false designation of origin, dilution, and unfair competition under Section 43 of the Lanham Act, including 15 U.S.C. § 1125 (a) and (c)(1), dilution under the Tex. Bus. & Comm. Code §16.103, common law unfair competition, passing off and unjust enrichment.

11.     This Court has subject matter jurisdiction over ClipBandits' claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

12.     Venue is proper in the United States District Court of Texas, Houston Division under 28 U.S.C. § 1391 (b)(1) and (b)(2). Defendants are all Texas residents and reside in this district, and thus they have consented to the jurisdiction of this Court. In addition, many of the events giving rise to this cause of action took place in Houston, Harris County, Texas. 28 U.S.C. § 124 (b)(2).

### III.
### Factual Background

### *Tequila 512*

13.     Plaintiff offers distilled spirits throughout the state of Texas under the "512" trademark, specifically "Tequila 512". A specimen of Plaintiff's product is illustrated below:



14.     Plaintiff's predecessor in interest, Willis Importing, LLC, has been offering and selling its Tequila 512 product since at least November 1, 2012.  Plaintiff acquired Willis Importing, LLC's goodwill and the "512" incontestable trademark registration (No. 4,280,076) (See Exhibit C).

15.     Plaintiff's "512" mark was registered on the principal trademark register on January 22, 2013.  Plaintiff's predecessor-in-interest filed an intent to use application on May 7, 2008 and subsequently filed 4 requests for extension of time to file a statement of use – all of which were accepted by the United States Trademark Office.  Thereafter, Plaintiff's predecessor-in-interest filed a statement of use and specimens of use on December 11, 2012 indicating that the first use in commerce of the "512" mark occurred on November 1, 2012.  Pursuant to 15 U.S.C. §§ 1057(c) and 1141f(b), Plaintiff's application for registration on the Principal Register, including an intent-to-use application, constitutes constructive use of the mark.

Page 7

16.    In view of the intent to use application, Plaintiff's claim of priority of the "512" trademark is May 7, 2008, well before any use by Defendants.   Accordingly, Plaintiff's predecessor-in-interest's application and subsequent registration serves as constructive notice of Plaintiff's rights, as of the date of application to register on the principal register, May 7, 2008, of Plaintiff's rights to exclusive use of the "512" mark on distilled spirits.[2]  Notwithstanding such constructive notice dating back to May 7, 2008, Defendants chose to willfully adopt and infringe Plaintiff's "512" mark on whiskey and bourbon over 9 years[3] after Plaintiff's priority date for the "512" mark.

17.    Since the acquisition of Willis Importing, Plaintiff has made and continues to make a substantial investment to promote its Tequila 512 product throughout the State of Texas. Plaintiff has invested significant time and money to acquire the high level of distinctiveness, recognition and continued popularity of Tequila 512.

18.    Over time, the "512" mark has acquired distinction, recognition, and substantial goodwill, as a direct result of Plaintiff's marketing and promotion.  Tequila 512 was recognized by San Francisco's World Spirits Competition, receiving a Double Gold Medal and receiving the competition's highest honor – "Best in Show".

19.    Tequila 512 has acquired a loyal following and become a popular and requested tequila in package stores and bars.

---

[2] Upon registration, the filing affords the applicant nationwide priority over others, except:  (1) parties who used the mark before the applicant's filing date; (2) parties who filed in the USPTO before the applicant; or (3) parties who are entitled to an earlier priority filing date based on the filing of a foreign application under 15 U.S.C. § 1126(d) or § 1141g  (*see* TMEP §206.02).   *See Zirco Corp. v. Am. Tel. and Tel. Co.*, 21 USPQ2d 1542 (TTAB 1991); *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 86 USPQ2d 1527 (D.C. Cir. 2008).
[3] Defendant has admitted that on November 17, 2017, "512-Bourbon released its first batch of Whiskey".

20.     Plaintiff maintains a website: www.tequila512.com, for its tequila products. Plaintiff currently offers 3 tequila products, specifically Tequila 512 Blanco, Tequila 512 Reposado and Tequila 512 Añejo, all of which are sold through distributors and resellers, including Spec's and Total Wine.

### *512-Bourbon*

21.     Defendants nonetheless chose to adopt and use Plaintiff's registered "512" mark on distilled spirits over 9 years after the date of Plaintiff's constructive notice of its exclusive rights in the "512" trademark.  Defendant has admitted that on November 17, 2017, "512-Bourbon released its first batch of Whiskey".  Examples of Defendants' infringing products are illustrated below:



22.     On June 30, 2020, Plaintiff's counsel wrote to Edmund D. Samora and the bottler of 512-Bourbon's products (Derelict Airship, LLC) demanding that, inter-alia, they "promptly agree to discontinue [their] infringing use of the 512 trademark" and further noting that failure to do so would result in trademark litigation. (*See,* Exhibit D) Defendant's continued use of Plaintiff's registered "512" constitutes willful infringement of Plaintiff's rights.

23.     On August 20, 2020, Plaintiff's counsel wrote to Defendants' distributor, MexCor, Inc., demanding that Mexcor cease and desist from continued use of Plaintiff's registered "512" mark on bourbon and distilled spirits bottled and packaged for Defendants. (*See,* Exhibit E)

24.     Defendants maintain a website using and featuring Plaintiff's registered 512 trademark, specifically https://512bourbon.com/, which serves to advertise Defendants' infringing products. Defendant Mexcor maintains a website using and featuring Plaintiff's registered 512 trademark, specifically http://www.mexcor.com/texas-distribution/ which serves to advertise Defendants' infringing products.

### *Actual Confusion Between Tequila 512 and 512-Bourbon*

25.     As a result of Defendants' use of Plaintiff's registered "512" trademark on Defendants' whiskey and bourbon products, actual confusion has occurred between the Plaintiff's Tequila 512 products and Defendants' 512-Whiskey and 512-Bourbon products.

26.     Among such instances of actual confusion, are prospective customers of Tequila 512.  Specifically, when representatives of Tequila 512 promote Tequila 512 in liquor stores and bars, prospective buyers ask if Tequila 512 is also selling bourbon and whiskey because they have seen or heard about 512-Bourbon.

27.     As can be seen from the example cited above, consumers are confused as to the source or origin of Defendants' products, often confusing Defendants' products as emanating, sponsored or endorsed by Plaintiff leading to actual confusion and there is a

continued high likelihood of confusion between Plaintiff's products and Defendants' products.

### 512-Bourbon's Intent to Trade Upon the Goodwill of the 512 Mark

28.    Upon information and belief, at the time Defendants adopted the "512" trademark for distilled spirits, specifically, 512-Bourbon and 512-Whiskey in 2017, they had actual knowledge, or should have known of Tequila 512's longstanding use of the "512" trademark and the existence of Tequila 512 in the Houston restaurant and package goods marketplace, particularly given the fact that Defendant Edmund Samora had been attempting to raise funds to enter the distilled spirits business since at least 2006.

29.    In view of Plaintiff's trademark intent to use application filed on May 7, 2008 and subsequent registration on the Principal Trademark Register, Defendants had constructive notice of Plaintiff's rights when Defendants adopted the trademark 512 for distilled spirits, specifically, 512-Bourbon and 512-Whiskey, in 2017.  Upon information and belief, Defendants' activities have been continuous with the willful intent to cause dilution by blurring, by trading on the fame and recognition of the Tequila 512 mark, as well as using the substantial goodwill in the Plaintiff's "512" mark, developed over many years of use by Plaintiff and its predecessor-in-interest.

30.    Defendants' 512-Bourbon and 512-Whiskey are offered and sold in the same, identical channels of trade in which Plaintiff sells its products.

Page 11

31.     Both Plaintiff's products Tequila 512 and Defendants' 512-Bourbon and 512-Whiskey are offered and sold in the same Houston and Austin market areas, such that both naturally target the same set of prospective and actual consumers.

32.     Because of the confusing similarities between Plaintiff's Tequila 512 and Defendants' 512-Whiskey and 512-Bourbon, throughout the package goods and restaurant/bar services including but not limited to their website, signage, and social media marketing, consumers are likely to mistakenly believe that Defendants' products are affiliated with Plaintiff and its products.

33.     Defendants' infringing activities are likely to continue to cause confusion, mistake, and deception among the consuming public as to the source and origin of the distilled spirits.

### *Defendants' Conduct is Willful, Malicious and Wanton Inasmuch as Plaintiff's Requests that Defendants Cease Use of the Registered "512" Mark Have Been Ignored*

34.     Defendants have been aware of Plaintiff's registered "512" trademark since at least June 20, 2018 (See Exhibit F) when they received a cease and desist letter from Plaintiff's predecessor in interest, Willis Importing LLC.  In that letter, Willis Importing requested that Defendants cease and desist from further use of the "512" trademark.  Rather than cease their infringement of the registered "512" mark, Defendants chose to wholly disregard Plaintiff's rights.  Defendants' conduct in light of the notice of Plaintiff's rights, is willful, malicious and wanton.

35.     Shortly after Willis Importing was acquired by ClipBandits, ClipBandits' counsel again demanded that Defendants cease and desist from further infringement of Plaintiff's registered trademark.  Rather than cease further infringement of the registered mark, a defective declaratory judgment complaint was filed by 512-BOURBON. [4] Defendants failure to cease and desist from infringement of Plaintiff's registered trademark after receiving further notice of Plaintiff's rights is further evidence of Defendants' willful, malicious and wanton conduct.

36.     On August 20, 2020, Plaintiff's counsel wrote to Mexcor, Inc.'s Chairman and CEO, Eduardo Morales and demanded that Mexcor cease and desist from further infringement of Plaintiff's registered trademark.  Defendant Mexcor's failure to agree to cease and desist from infringement of Plaintiff's registered trademark after receiving notice of Plaintiff's rights is further evidence of Defendant Mexcor's willful, malicious and wanton conduct.

37.     To date, Defendants continue offering and selling distilled spirits bearing Plaintiff's registered "512" trademark and have made no efforts to cease use or to adopt another name to prevent further public confusion. Moreover, Defendants have not undertaken any affirmative steps to avoid or minimize the confusion caused by its adoption and use of Plaintiff's registered "512" trademark.

38.     Defendants' conduct gives rise to the following causes of action.

---

[4] *512-BOURBON v. Tequila 512 and ClipBandits,* LLC (4:20-cv-02466, SDTX – Houston Division).

Page 13

## IV.
## Causes of Action

### Count 1 -  Infringement of a Federally Registered and Incontestable Trademark

39.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

40.     Through Defendants' use of Plaintiff's registered and incontestable "512" trademark on Defendants products, specifically 512-Bourbon and 512-Whiskey, Defendants are infringing Plaintiff's federally registered and incontestable trademark.

41.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

### Count 2 - False Designation of Origin under the Lanham Act

42.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

43.     Through Defendants' use of Plaintiff's federally registered and incontestable "512" trademark on distilled spirits, specifically 521-Bourbon and 512-Whiskey and on Defendants' website advertising its distilled spirits, Defendants have falsely designated and misrepresented the origin, sponsorship, or approval of such products.

44.     Pursuant to 15 U.S.C. § 1125(a), such acts are likely to cause confusion, mistake or to deceive and to have confused and deceived potential and actual customers into believing that the products offered by Defendants are affiliated with, sponsored by, or somehow connected with Plaintiff's products.

45.     Defendants' continued use of Plaintiff's federally registered and incontestable "512" mark on Defendants' distilled spirits and on Defendants' website causes a high likelihood of deception and confusion to potential consumers, in addition to deceiving potential and actual consumers, in a material manner influential to customers' purchasing decisions for distilled spirits.

46.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**<u>Count 3 – Unfair Competition under the Lanham Act</u>**

47.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

48.     Through Defendants' use of Plaintiff's federally registered and incontestable "512" trademark in connection with distilled spirits and Defendants' website used to promote products bearing Plaintiff's federally registered trademark, Defendants are passing off their products as those of Plaintiff in a manner that is false, misleading, and misrepresentative of the nature, characteristics, and quality of Plaintiff's products. Under 15 U.S.C. § 1125(a), Defendants' acts constitute unfair competition by passing off their products for those of Plaintiff.

49.     Defendants' acts are likely to cause confusion, mistake or to deceive and to have confused and deceived potential and actual customers into believing that the products offered by Defendants are affiliated with, sponsored by, or somehow connected with Plaintiff.

50.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

### Count 4 – Dilution under the Lanham Act

51.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

52.     Through Plaintiff's longstanding and extensive use and consumer recognition, the federally registered and incontestable "512" mark is famous and/or has acquired distinctiveness.

53.     Defendants' adoption and use of the trade name "512" for distilled spirits and on Defendants' websites, occurred after the Plaintiff's "512" mark was famous.

54.     Under 15 U.S.C. § 1125(c)(1), Defendants' use of "512" has caused dilution by blurring of the Plaintiff's mark.

55.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

### Count 5 – Dilution under Tex. Bus. & Comm. Code § 16.103

56.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

57.     Through Plaintiff's longstanding and extensive use and the subsequent consumer recognition, the "512" mark on distilled spirits is famous and/or has acquired distinctiveness

58.     Defendants' adoption and use of the "512" mark on distilled spirits and on Defendants' websites used to promote products bearing the "512" mark has caused dilution by blurring of the "512" mark. Defendants' use of "512" trademark on distilled spirits and on Defendants' websites used to promote Defendants' distilled spirits bearing the "512" trademark has weakened the "512" mark and its ability to identify Plaintiff's distinct products.

59.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

### Count 6 – Unjust Enrichment under Texas Common Law

60.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

61.     Through Defendants' use of the "512" trademark on distilled spirits and on Defendants' websites used to promote distilled spirits bearing the "512" trademark, Defendants have used and are using the significant goodwill and consumer recognition inherent in the "512" trademark for distilled spirits as a stepping stone to market Defendants' distilled spirits products to the Houston and Austin markets and gain business. Through Defendants' use of Plaintiff's "512" trademark, Defendants' marketing efforts have benefitted and Defendants have profited financially by leading consumers to believe that Defendants' products are affiliated with Plaintiff.

62.     Defendants' actions have harmed Plaintiff by confusing Plaintiff's existing and prospective customer base.

63.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## Count 7 –False Designation of Origin

64.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

65.     Through Defendants' use of Plaintiff's federally registered and incontestable "512" trademark in interstate commerce in connection with Defendants distilled spirits, Defendants have falsely designated those products as affiliated with Plaintiff and its products.

66.     Defendants' use of the "512" trademark has the capacity to materially deceive actual and potential customers, and is likely to cause confusion, or to cause mistake, or to deceive as to the source or origin of Defendants' products.

67.     Plaintiff is likely to be injured and/or has been injured as a result of Defendants' false designation of its products.

68.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

## Count 8 – Common Law Unfair Competition

69.     Plaintiff realleges and incorporates by reference the allegations of the preceding Paragraphs 1–38 of this Complaint, inclusive as if fully set forth herein.

70.    The above-described acts, including the use of Plaintiff's registered "512" trademark constitute unfair competition under the common law of the State of Texas, and have interfered with Plaintiff's ability to conduct and expand its own business.

71.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer damages, including damage to its goodwill and reputation.

**V.**
**Jury Demand**

72.    Plaintiff demands a trial by jury.

**VI.**
**Prayer**

73.    For all of the foregoing reasons, Plaintiff asks for judgment against Defendants in the following form:

a)  Permanent injunction under 15 U.S.C. §§ 1116 and 1125(a) and (c)(1), and Tex. Bus. & Comm. Code § 16.103(c), barring Defendants, and their officers, agents, employees, and all persons acting on Defendants' behalf from:

i.  Using "512" or any distilled spirits including but not limited to "512-Bourbon" and "512-Whiskey";

ii.   Advertising or marketing distilled spirits bearing the "512" trademark, including but not limited to "512-Bourbon" and "512-Whiskey" on any signage, letterhead, business cards, marketing materials, any websites, and social media;

        iii.  Publicly representing, or otherwise stating that there is any affiliation or connection with Plaintiff and its Tequila 512 products; and

b) For an injunction ordering Defendants, pursuant to 15 U.S.C. §§ 1118 and 1125(c)(5), to deliver for destruction all advertising materials or any other items bearing Plaintiff's "512" trademark including any materials, websites and products bearing the marks "512-Bourbon" and "512-Whiskey";

c) An award of Defendants' profits as provided under 15 U.S.C. § 1117(a), and damages profits, and costs under 15 U.S.C. § 1125(c)(5) for willful dilution by blurring;

d) Equitable relief including unjust enrichment, constructive trust, and disgorgement of profits;

e) Declare this case exceptional and award Plaintiff its reasonable attorneys' fees and the costs of this action, under 15 U.S.C. §§ 1125(c)(5) and 1117(a)(3); and

f) All other relief the Court deems appropriate at law and in equity.

PREMISES CONSIDERED, Plaintiff prays that following notice and hearing, and upon final trial hereon, it have and recover judgment for the sought after relief, injunctive relief, damages, punitive damages, equitable relief, attorneys' fees, costs of court, prejudgment and post-judgment interest at the maximum lawful rates as requested above, together with such other and further relief to which it may be justly entitled.

Page 20

August 31, 2020                          Respectfully submitted,


                                         */s/ J. David Cabello*
                                         **J. David Cabello**
                                         Attorney-in-charge
                                         Texas Bar No. 03574500
                                         S.D. Texas I.D. No. 3514
                                         Email: david@chzfirm.com
                                         **Sarah R. Frankfort**
                                         Texas Bar No. 24052877
                                         S.D. Texas I.D. No. 1,023,828
                                         Email: sfrankfort@chzfirm.com
                                         CABELLO HALL ZINDA, PLLC
                                         801 Travis Street, Suite 1610
                                         Houston, TX 77002
                                         Tel.: 832.631.9990
                                         Fax: 832.631.9991

                                         **ATTORNEYS FOR PLAINTIFF
                                         CLIPBANDITS, LLC d/b/a
                                         TEQUILA 512**