United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIPBANDITS, LLC d/b/a Tequila 512, <br> *Plaintiff*, <br><br> v. <br><br> EDMUND D. SAMORA d/b/a 512-Bourbon; <br> AMARIS SALINAS; and MEXCOR, INC. <br> d/b/a Mexcor Importers & Distributors, <br> *Defendants*. | § <br> § <br> § <br> § CIVIL ACTION NO. 4:20-CV-03054 <br> § <br> § <br> § <br> § <br> § |

**ORDER**

Before the Court are Defendant Edmund D. Samora's ("Samora") Motion to Dismiss (Doc. No. 13) and Plaintiff ClipBandits, LLC's ("ClipBandits") response. (Doc. No. 17).

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

Here, Samora's Motion to Dismiss is really aimed more at the merits of the lawsuit as opposed to the sufficiency of ClipBandits' pleadings. As stated above, in a motion to dismiss context, the Court must accept all of the plaintiff's allegations as being true. There are other vehicles to attack the merits of a party's claims. That being the case, the Court hereby denies Samora's motion to dismiss.

The Court notes two other points. First, while it has not been asked to rule one way or the other as to whether any other defendants have been served, it is clear that some defendants have not answered. The parties are warned that failure to answer, if properly served, leaves one vulnerable to a motion for default judgment. Second, this Court strongly suggests that parties appear represented by counsel rather than represent themselves and appear *pro se*. There is an inherent risk in appearing *pro se*, especially when one is not a lawyer. While the law permits individuals to represent themselves, that rule only applies to individuals, not corporations. More importantly, whether a party is represented by counsel or not, the Court is required to hold all parties to the dictates of the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *See, e.g., Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's *pro se* status neither excuses his failure to effect service, nor excuses him for lack of knowledge of the Rules of Civil Procedure.").

The Motion to Dismiss (Doc. No. 13) is denied. Samora shall answer this lawsuit by November 13, 2020.

SIGNED at Houston, Texas this 20th day of October, 2020.

Andrew S. Hanen
United States District Judge