Case 4:20-cv-03054 Document 38 Filed on 12/16/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIPBANDITS, LLC; dba TEQUILA 512, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03054 |
| EDMUND D. SAMORA; dba 512-BOURBON, *et al*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Pending before the Court is Defendant Samora's ("Samora") Motion to Stay Pending USPTO Trademark Trial and Appeal Board Decision on Petition to Cancel Federal Registered Mark 5,280,076, "512." (Doc. No. 26). Plaintiff ClipBandits, LLC ("Plaintiff") responded. (Doc. No. 29). After careful consideration of the arguments, the briefing, and the applicable law, this Court **DENIES** Samora's Motion to Stay.

**I. Background**

Plaintiff ClipBandits promotes, offers, and sells its tequila products throughout the State of Texas under the trademark Tequila 512, which incorporates its registered trademark, "512." Based upon the pleadings, Plaintiff's predecessor in interest, Willis Importing, LLC, ("Willis") first filed an "intent to use" application with the United States Trademark Office in 2008. In November 2012, the "512" mark was first used in commerce, and on January 22, 2013, the "512" mark was registered on the principal trademark register. On November 17, 2017, Samora, d/b/a/ 512-Bourbon, released his first batch of 512-Bourbon. Samora's 512-Bourbon and 512-Whiskey are offered and sold in the Houston and Austin market areas, just like Tequila 512. On June 20, 2018, Willis sent a cease and desist letter to Samora demanding he discontinue further use of the

"512" trademark. According to the pleadings, Samora disregarded this letter. On April 22, 2020, Plaintiff acquired Willis's entire interest and goodwill of the "512" trademark. (Doc. No. 1, Ex. C). Shortly thereafter on June 30, 2020, Plaintiff's counsel wrote to Samora and Derelict Airship, LLC, the bottler of his products, demanding that they discontinue "infringing use of the 512 trademark," or face litigation in the alternative. (Doc. No. 1, Ex. D). On August 20, 2020, Plaintiff's counsel also wrote to Samora's distributer, MexCor, Inc. with a similar request. Allegedly, MexCor disregarded the letter.

Following Plaintiff's cease and desist letter, Samora filed a declaratory judgment complaint, which he later voluntarily dismissed. *See 512-BOURBON v. Tequila 512 and ClipBandits,* LLC (4:20-cv-02466, SDTX–Houston Division). Plaintiff promptly filed this lawsuit and seeks injunctive and monetary relief for: (1) Infringement of Federally Registered and Incontestable Trademark; (2) False Designation of Origin under the Lanham Act; (3) Unfair Competition under the Lanham Act; (4) Dilution under the Lanham Act; (5) Dilution under Tex. Bus. & Comm. Code § 16.103; (6) Unjust Enrichment under Texas Common Law; (7) False Designation of Origin; and (8) Common Law Unfair Competition. After filing an answer and counterclaims in this action, Samora filed a Petition to Cancel federally registered trademark "512," with the USPTO Trademark Trial and Appeals Board ("TTAB") on the grounds of abandonment, fraud, genericness, deceptiveness, and geographic indication. (Doc. No. 29, Ex. A). He then filed in this Court a Motion to Stay (Doc. No. 26), to which Plaintiff has responded. (Doc. No. 29).

## II. Legal Standard for Motion to Stay

A district court has wide discretion to stay a pending matter in order to control its docket and benefit the interests of justice. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). The court's discretion to grant or deny a stay clearly includes the authority to do so pending the resolution of proceedings in the USPTO. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir.); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). When determining whether a stay of proceedings should be granted, courts traditionally consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder,* 556 U.S. 418, 426 (2009).

## III. Analysis

Samora urges the court to stay further proceedings in this action pending the resolution of his Petition to Cancel by TTAB. Samora argues that TTAB is "better positioned to address" legal issues in Plaintiff's Complaint. (Doc. No. 26 at 3). He also argues that without a stay, this Court's future ruling could be at odds with TTAB's decision. (*Id.*) Samora summarizes that staying the case will "benefit the parties, conserve the Court's resources, and promote the orderly course of justice." (*Id.*) Even though Samora does not refer to the doctrine by name, the Court understands that he is invoking the doctrine of "primary jurisdiction," which operates to "postpone judicial consideration of a case to administrative determination of important questions involved by an agency with special competence in the area." *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1091–92 (5th Cir. 1973).

Plaintiff opposes Samora's request and argues that the four traditional factors that courts consider in contemplation of a stay all point toward denying the stay. First, Plaintiff argues that Samora has not made a showing that he is likely to succeed on the merits of his TTAB Petition to cancel the mark, particularly as it is entitled to a presumption of validity. Second, Plaintiff argues that Samora will not suffer irreparable harm absent a stay, because he can seek a cancellation of the mark in this very proceeding. Third, Plaintiff urges that a stay will be harmful to Plaintiff because it will delay Plaintiff's right to adjudicate its claims and recover damages in this suit. Finally, Plaintiff argues that public interest is served by denying a stay because district court decisions are controlling over TTAB and a stay would not promote judicial economy.

Samora's argument that a stay will "benefit the parties, conserve the Court's resources, and promote the orderly course of justice," is unpersuasive. (Doc. No. 26 at 3). As the Plaintiff points out, TTAB does not have the authority to determine all the issues raised by the case, so the parties would end up in district court regardless of the TTAB outcome. The only issue before TTAB is Samora's Petition to Cancel the trademark "512." The Complaint in this case, however, includes many other claims, including infringement, false designation of origin under the Lanham Act, unfair competition under the Lanham Act, dilution under the Lanham Act, dilution under the Tex. Bus. & Comm. Code, unjust enrichment, false designation of origin, and common law unfair competition. (Doc. No. 1 at 14–19). Courts have consistently declined to defer to TTAB when, like here, additional claims are raised that cannot be resolved by the agency. *Vantage Trailers Inc. v. Beall Corp.*, 2008 WL 4746288 * 5 (S.D.Tex. Oct. 27, 2008) (citing *Rhodes v. Avon Products, Inc.*, 504 F.3d 1151, 1162–63 (9th Cir. 2007); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 80 (1st Cir. 1996)). Notably, TTAB lacks authority to issue injunctive relief or award damages for

an infringement claim, which is the crux of this lawsuit. *Officeware Corp. v. Dropbox, Inc.*, 2012 WL 3262760, at *4 (N.D. Tex. Aug. 10, 2012).

Furthermore, Samora has not cited a single district court that has stayed a case pending a TTAB decision. The only additional legal arguments Samora puts forth are that TTAB may "provide guidance on legal issues that were provided in the Plaintiff's complaint," and that Samora would be harmed in the absence of a stay "because of the inequitable conduct of the Plaintiff's [sic] if they are required to litigate in this case the issues to which the USPTO TTAB is currently reviewing in the Petition." (Doc. No. 26 at 1–2). The Fifth Circuit has favorably recognized, however, that "several Circuit courts have noted that federal courts are not obligated to defer to PTO proceedings nor are PTO's findings on infringement binding on federal courts." *Robin Singh Educ. Servs. v. Excel Test Prep. Inc.*, 274 F.App'x 399, 403 n.4 (5th Cir. 2008) (finding a USPTO decision has no bearing on an appeal). These circuits have recognized that the framework of the federal trademark registration differs from those in which the doctrine of primary jurisdiction applies. The Second Circuit explained that trademark registration proceedings like Samora's Petition to Cancel the "512" mark, do not involve "technical questions of fact uniquely within the expertise and experience of an agency." *Goya Foods, Inc. v. Tropicana Products, Inc.*, 846 F.2d 848, 853 (2d Cir. 1988). In the same vein, the Ninth Circuit, citing the First Circuit, stated that "TTAB is not an ordinary administrative agency whose findings control unless set aside after court review under a highly deferential standard." *Rhoades*, 504 F.3d at 1163. In other words, the results from TTAB proceedings, even insofar as they directly bear on some claims in this judicial proceeding, would not require a certain result.

Like other courts in the Fifth Circuit, this Court finds the rationale of the First, Second, and Ninth Circuits to be persuasive. The doctrine of primary jurisdiction does not justify a federal

court's deferral to a parallel proceeding before TTAB or require a stay. *See Officeware Corp. v. Dropbox, Inc.*, 2012 WL 3262760, at *2 (N.D. Tex. Aug. 10, 2012); *Nursery Decals and More, Inc. v. Neat Print, Inc.*, 2020 WL 1819885, at *12 (N.D. Tex. April 10, 2020); *Lance Armstrong Foundation v. Ohman*, 2007 WL 99702317, at *1 (W.D. Tex. Nov. 15, 2007).

Given this Court's position on primary jurisdiction, the Court briefly turns to Plaintiff's arguments that the traditional factors courts consider when contemplating a stay favor a denial. The Court agrees with Plaintiff that Samora has failed to demonstrate likelihood of success in his TTAB proceeding. In fact, Plaintiff has already filed with TTAB a Notice of Pending Civil Action and Motion to Suspend Cancellation Proceeding. (Doc. No. 29, Ex. D at 3). The Court is also persuaded by Plaintiff that Samora will not suffer irreparable harm should the stay be denied; he is able to seek a cancellation of the trademark in this very proceeding, and waited until after he filed affirmative defenses and counterclaims to initiate the TTAB proceeding. In the same vein, Plaintiff would in fact be harmed because it would be delayed in adjudication of its own claims. Finally, the public interest factor does not tip in favor of a stay because, as discussed above, TTAB is unable to provide complete relief or even provide binding precedent on this Court.

### IV.   Conclusion

The Court determines that a stay is not warranted under the facts of this case. Samora's failure to point to any case law or other legal precedent to support a stay in this case renders his position untenable. The Court **DENIES** the Motion to Stay and **DENIES** the request for sanctions.

Signed at Houston, Texas, this _16th_ day of December, 2020.

Andrew S. Hanen
United States District Judge